HOLLEY *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF LAKE.

[No. 15,557.  Filed January 28, 1936.]

*Estill, Vance, Stilley & Havran,* for appellant.

*G. E. Hershman,* for appellee.

BRIDWELL, J.—Appellant brought this action against appellee, alleging in her complaint, in substance, that during the year of 1934 she was the duly appointed, qualified, and acting sheriff of Lake County, Indiana;

that by virtue of the laws of this state, she, as such sheriff, was required to, and did serve writs and processes pursuant to her official duty to do so; that in order to serve such writs and processes, she furnished conveyances for use in the discharge of such duty; that as such sheriff under the laws of this state she was entitled to receive mileage at the rate of 6 cents per mile for each mile necessarily traveled in continuous trips by such conveyances; that the law required that she file, and she did file, with appellee, an itemized and verified claim and statement showing the trips made and the miles per trip made in the service of said writs and processes; that said claim (copy of which is filed with and made a part of the complaint, and which contains exhibits 1 to 280, inclusive) was wholly disallowed by appellee, and is unpaid; that there is due and owing to appellant from appellee the sum of $7,219.48. Judgment for this amount, for costs, and all other proper relief is prayed. Appellee filed its answer in general denial. The cause was tried by the court and there was a finding and judgment in favor of appellee. Appellant duly filed her motion for a new trial, assigning as causes therefor that the decision of the court is not sustained by sufficient evidence, and that said decision is contrary to law. This motion was overruled. Appellant reserved an exception to this ruling and thereafter perfected this appeal. The error assigned and relied upon for reversal is the alleged error in overruling appellant's motion for a new trial.

A stipulation of facts constitutes the only evidence in the case, and is as follows:

"On the 1st day of January, 1934, the plaintiff in this action, Lillian M. Holley, was the duly appointed, qualified and acting sheriff of Lake County, Indiana and continued to be such sheriff until and including the 31st day of December, 1934.

"That under the laws of the State of Indiana,

to wit: Burns' Indiana Statutes Annotated, 1933, Section 49-2802, the sheriff of the county is charged with certain duties among which is to execute all process directed to him by legal authority, either in person or by deputy; that the plaintiff herein did execute and serve all process directed to her by legal authority by herself or lawfully constituted deputy over the period of time extending from the 1st day of January, 1934, until and including the 31st day of December, 1934.

"In order to execute and serve process so directed to her, the plaintiff herein, it was necessary that a means of conveyance be furnished to execute and serve said process; that said conveyance was furnished by said plaintiff in person as sheriff or through her lawfully constituted deputy on each and all occasions in the execution and service of said process and that in no instance was a conveyance used that was a county-owned conveyance or in any part maintained by the county, and when such process was served by a deputy sheriff he used his own personal automobile or one furnished by the sheriff in serving such process.

"Under the laws of the State of Indiana, to wit: Section eight (8) of Chapter twenty-one (21) of the Acts of 1933 of the General Assembly of the State of Indiana it is provided that in the service of any writs or processes required to be served by the sheriff where conveyance is furnished by the sheriff such sheriff is entitled to receive mileage at the rate of six ($.06) cents per mile for each mile necessarily traveled in continuous trips by such conveyance, which mileage is the property of such sheriff.

"The plaintiff herein, as provided in Section eight (8) of Chapter twenty-one (21) of the Acts of 1933 of the General Assembly of the State of Indiana, did file with the defendant, the Board of Commissioners of the County of Lake, State of Indiana an itemized and verified claim and statements showing the trips made and the miles per trip made in the execution and service of writs and processes wherein conveyance was furnished by this plaintiff as sheriff in the manner as above set forth for the period of time extending from the 1st day of January, 1934, to and including the 31st day of December, 1934, all as shown by Plain-

tiff's Exhibits One (1) to Two Hundred Eighty (280), inclusive, filed with and made a part of plaintiff's complaint in the cause.

"That said claim is in the amount of Seven Thousand Two Hundred Nineteen and 48/100 ($7,219.48) Dollars and since it was filed with the defendant herein has been by said defendant disallowed in whole and now is and remains wholly unpaid."

The question presented by this record requires a construction of certain provisions of our statutory law which constitute a part of Chapter 21 of the laws enacted by our General Assembly of 1933 (Acts 1933, page 88).

The title of the act discloses that it was enacted for the purpose of "fixing the compensation of certain public officials, their deputies and assistants, and fixing manner of payment thereof; authorizing the appointment of deputies and assistants; prescribing certain duties; making a division of deputy's and assistant's compensation unlawful, and providing a penalty therefor; providing for the collection of fees and mileage and the disposition of same; repealing all laws in conflict therewith and fixing the time of taking effect." It is provided in the act that it shall be in full force and effect on and after January 1, 1934.

Section 4 of the act fixes the annual salaries of officials named in the section in each of the counties of the state, and among the officials so named are sheriffs. The annual salary of the sheriff of Lake County is fixed at $4,800.00.

Section 5 of the act, so far as it has any bearing upon the question before us, is as follows: "The compensation provided in the foregoing section shall be in lieu of all salaries, fees, and per diem now provided by statute for the officials therein designated, their deputies and other assistants in the several counties of the State of Indiana, except as herein otherwise provided. All

fees and remuneration of whatsoever kind or character, for official services or involving official authority, now provided by statute or otherwise, shall be charged and collected by such officers and shall be the property of the county and shall be covered into the general fund of the county except as herein otherwise provided; . . ."

Section 8 of the act, so far as it is pertinent to this controversy, relates to sheriffs' fees, and is as follows: "The salaries herein provided for sheriffs shall be in full for all services required of the sheriffs by statute including the attendance upon all courts and boards, except as herein otherwise provided. The sheriffs' fees accruing on process issued by courts outside of the county shall be the property of the respective sheriffs. Sheriffs shall be paid as now provided by law for transporting persons to penal and benevolent institutions, and for returning fugitives from justice; which allowance shall inure to the benefit of the sheriff. In service of any writ or process required to be served by the sheriff where conveyance is furnished by the sheriff he shall receive mileage at the rate of six cents per mile for each mile necessarily traveled in continuous trips by such conveyance, which said mileage shall be the property of the sheriff; *Provided, however,* That where a county-owned conveyance in any part maintained by the county is used by the sheriff in any service no mileage charges shall be payable by the county. Before any mileage is paid the sheriff, as above stipulated, he shall file an itemized and verified claim with the board of county commissioners showing the trips made and the miles per trip."

Section 2 of the act authorizes the officials affected by the act to appoint and remove their deputies, and provides that such officials shall be held responsible for the official acts of such deputies, and that such deputies shall be paid by the county, their salaries to be fixed by

the county council within the prescribed limits for such salaries, as designated by the act.

The determination of the question presented depends upon the proper interpretation of the legislative intent, when, in section 8, *supra,* it provided as follows: "In service of any writ or process required to be served by the sheriff where conveyance is furnished by the sheriff he shall receive mileage at the rate of six cents per mile for each mile necessarily traveled in continuous trips by such conveyance, which said mileage shall be the property of the sheriff; *Provided, however,* that where a county-owned conveyance in any part maintained by the county is used by the sheriff in any service no mileage charges shall be payable by the county."

In arriving at the legislative intent, we consider the import of the entire act as well as the meaning to be given its separate provisions. It is apparent that sheriffs, in addition to their annual salaries, are entitled to receive certain other compensation, including fees for mileage accruing in the service of any writ or process which their official duty requires them to serve, and it likewise seems clear that counties are relieved from the payment of "mileage charges" only in instances where the conveyance used by the sheriff or his deputy in serving of process is "a county-owned conveyance in any part maintained by the county."

In the instant case it is agreed that the conveyances used in making the trip required to be made in order to serve the writs and processes required to be served by appellant in the discharge of her official duties, were furnished by her personally, or "through her lawfully constituted deputy, on each and all occasions" where the use of a conveyance was required for such purpose, and further "that in no instance was a conveyance used that was a county-owned conveyance or in any part maintained by the county."

Under the facts agreed to be true, and in view of the provisions of section 8, *supra*, we are of the opinion that the county was liable to appellant for the mileage charges here involved and that the decision of the lower court is contrary to law.

Judgment reversed, with instruction to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.

Curtis, C. J., not participating.